IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEDS, LLC, and <br> SR HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VANS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND JURY DEMAND**

Plaintiffs Keds, LLC and SR Holdings, LLC (collectively referred to herein as "KEDS"), by its attorneys, for its complaint against Defendant Vans, Inc. ("Vans"), hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action at law and in equity for trademark infringement, trademark dilution and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), as well as Massachusetts state and common law.

2. Plaintiff SR Holdings, LLC is a Delaware limited liability company with its principal place of business at 191 Spring Street, Lexington, MA 02420. SR Holdings, LLC is the owner of the trademarks discussed below.

3. Plaintiff Keds, LLC is a Massachusetts limited liability company with its principal place of business at 191 Spring Street, Lexington, MA 02420. Keds, LLC licenses from SR Holdings, LLC the trademarks discussed below.

4. Upon information and belief, Defendant Vans is a Delaware corporation with its principal place of business at 6550 Katella Avenue, Cypress, CA, 90630. Vans designs, markets, and distributes active-casual footwear, clothing and accessories, and performance footwear for core sports. Vans products are sold throughout the United States through distributors and its retail stores.

5. This Court has jurisdiction because this is a civil action arising under the Trademark Laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the state and common law claims in accordance with 28 U.S.C. § 1332. KEDS' state and common law claims are joined and related pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

6. Upon information and belief, this Court has personal jurisdiction over Vans based on its systematic and continuous contacts with Massachusetts, including but not limited to, offering its products through Massacusetts distributors and operation of a Vans store in North Attleboro, Massachusetts.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

### The Marks

8. SR Holdings, LLC is the owner of the two design-only trademarks bearing Registration Nos. 685,185 and 1,784,225 for a blue rectangular design which is attached to the heel or sole of footwear (the "BLUE LABEL Trademarks").

<u>Registration No. 685,185</u>

9. On January 3, 1956, a United States trademark application was filed for a design-only version of "a blue rectangular design which is attached to the heel or instep of the shoe" for "men's, women's and children's shoes made of rubber and fabric" under U.S. Serial No. 72/000,109.

10. U.S. Serial No. 72/000,109 registered on September 15, 1959, as U.S. Trademark Registration No. 685,185 (the "1959 Mark").

11. The 1959 Mark was first used in commerce at least as early as 1925.

12. On or about October 22, 1964, the 1959 Mark became incontestable.

13. During post-registration proceedings, the word "Men's" was removed from the description of goods for the 1959 Mark.

14. SR Holdings, LLC currently owns the entire interest and goodwill associated with 1959 Mark and licenses the 1959 Mark to Keds, LLC.

15. The following exemplar of the 1959 Mark was submitted to the U.S. Patent and Trademark Office ("PTO") to support a Declaration of Use and shows the 1959 Mark used in connection with the recited goods:



16.     In 1989, the First Circuit held, in *Keds Corp. v. Renee Int'l Trading Corp.*, that the 1959 Mark is a strong, valid incontestable trademark.  888 F.2d 215, 221, 222 (1st Cir. 1989).

Registration No. 1,784,225

17.     On December 2, 1992, a United States trademark application was filed for a design-only version of "a blue rectangular design which is attached to the heel or sole of footwear" for "footwear" under U.S. Serial No. 74/336,129.

18.     U.S. Serial No. 74/336,129 registered on July 27, 1993 as U.S. Trademark Registration No. 1,784,225 (the "1993 Mark").

19.     The 1993 Mark was first used in commerce at least as early as 1925.

20.     On September 2, 1999, the 1993 Mark became incontestable.

21.     SR Holdings, LLC currently owns the entire interest and goodwill associated with 1993 Mark and licenses the 1993 Mark to Keds, LLC.

22.     The following exemplar of the 1993 Mark was submitted to the PTO to support a Declaration of Use and shows the 1993 Mark used in connection with the recited goods:



Use and Promotion of the BLUE LABEL Trademarks

23. Currently, KEDS and/or its licensees and affiliates are using the BLUE LABEL Trademarks in connection with the sale of footwear products in interstate commerce, including in this judicial district. A current exemplar of the BLUE LABEL Trademarks used in connection with footwear is shown below for the Champion Savannah style shoe:



24. The BLUE LABEL Trademarks have been marketed and promoted extensively over the years on television, in major magazines, and via the Internet, for example, through the use of social media websites. In addition, KEDS invests substantial amounts in advertising and promoting the goods identified by the BLUE LABEL Trademarks.

25. As a result of the substantial use and promotion of the BLUE LABEL Trademarks for many years in connection with footwear, the BLUE LABEL Trademarks have become famous among the relevant consuming public and possess significant goodwill of great value to KEDS.

**Vans' Wrongful Acts**

26. Vans uses a blue rectangular design attached to the heel or sole of its footwear sold in interstate commerce.

27. Exemplars of Vans' shoes displaying the BLUE LABEL Trademarks on the heel or sole of footwear are shown here, and on the website printout attached as Exhibit A hereto:





28. On information and belief, Vans is currently selling footwear bearing the BLUE LABEL Trademarks on the heel or sole of footwear in this judicial district.

29. Vans' use of the BLUE LABEL Trademarks is an attempt to trade on the goodwill associated with the BLUE LABEL Trademarks.

30. Vans was made aware of its infringement at least as early as August 2010, but has refused to cease selling shoes that bear the protected design on the heel or sole of footwear. Unless and until Vans is enjoined from any further unauthorized exploitation of the BLUE

LABEL Trademarks, Vans will continue to use the BLUE LABEL Trademarks in violation of KEDS' rights.

31.     Vans' use of the BLUE LABEL Trademarks diminishes and dilutes the value of the footwear business for KEDS and/or its licensees and affiliates.

32.     Upon information and belief, by virtue of its unlawful conduct, Vans has earned revenue to which it is not entitled in law or equity.

33.     Vans' actions have been undertaken in willful, wanton, and blatant disregard of KEDS' rights.

34.     As a result of Vans' unlawful and willful actions, KEDS has been damaged and has suffered, and continues to suffer, substantial, immediate and irreparable injury for which it has no adequate remedy at law.

35.     That irreparable injury includes, for example: KEDS' loss of control of the use of the famous and valuable BLUE LABEL Trademarks and inability to make certain that those marks are not being distorted or negatively impacted in the public eye; and confusion caused to the consumer by making the consumer mistakenly believe that Vans' footwear is approved by KEDS, when it is not.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

36.     KEDS realleges the allegations of Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source of Vans' or KEDS' products.  Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans'

products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

38. Vans' use of the BLUE LABEL Trademarks on its products violates KEDS' exclusive rights in its BLUE LABEL Trademarks and constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

40. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court.  As a result, KEDS is without an adequate remedy at law.

41. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT II
## FEDERAL UNFAIR COMPETITION

42. KEDS realleges the allegations of Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source or origin of Vans' or KEDS' products.  Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

44. Vans' use of the BLUE LABEL Trademarks on its products constitute the use in commerce of false designation of origin, and false or misleading descriptions of fact or false and misleading representations of fact and constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

46. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

47. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT III
## FEDERAL DILUTION

48. KEDS realleges the allegations of Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. The BLUE LABEL Trademarks are famous and were famous prior to Vans' unauthorized use of such marks within the meaning of 15 U.S.C. § 1125(c).

50. Vans' actions as described above constitute dilution of the distinctive quality of the famous and distinctive BLUE LABEL Trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV
## STATE AND COMMON LAW TRADEMARK INFRINGEMENT

51. KEDS realleges the allegations of Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source of Vans' or KEDS' products. Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

53. Vans' use of the BLUE LABEL Trademarks on its products violates KEDS' exclusive rights in its BLUE LABEL Trademarks and constitutes trademark infringement in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws, ch. 110H, § 12 and the common law of Massachusetts.

54. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

55. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

56. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT V
## STATE AND COMMON LAW UNFAIR COMPETITION

57. KEDS realleges the allegations of Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source or origin of Vans' or KEDS' products. Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

59. Vans' use of the BLUE LABEL Trademarks on its products constitute the use in commerce of false designation of origin, and false or misleading descriptions of fact or false and misleading representations of fact and constitutes unfair competition in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws, ch. 93A, §§ 2, 11 and the common law of Massachusetts.

60. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

61. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

62. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT VI
## STATE AND COMMON LAW DILUTION

63. KEDS realleges the allegations of Paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. Vans' actions as described above constitute dilution of the distinctive quality of the famous and distinctive BLUE LABEL Trademarks, in violation of the laws of Commonwealth of Massachusetts, Mass. Gen. Laws ch. 110H § 13 and the common law of Massachusetts.

## JURY DEMAND

65. KEDS demands a trial by jury on all causes of action, claims and defenses.

## REQUEST FOR RELIEF

WHEREFORE, KEDS respectfully requests that the Court enter an Order against Vans as follows:

A. Preliminarily and permanently restraining and enjoining Vans, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, jointly and severally, from:

i. using the BLUE LABEL Trademarks on any of its products;

ii. representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Vans are associated with, sponsored by, and/or connected or affiliated with KEDS, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Vans' products or services;

iii. otherwise competing unfairly with KEDS in any manner;

      iv.      using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of KEDS;

      v.      continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; or

      vi.      causing, engaging in or permitting others to do any of the aforesaid acts;

B.      Requiring Vans to immediately recall from the trade and all distribution channels all products, packaging, advertising, and promotional materials bearing the BLUE LABEL Trademarks;

C.      Directing Vans to deliver up to this Court by a date that the Court will direct, for impounding, destruction or other disposition, all materials bearing the BLUE LABEL Trademarks in Vans' possession, custody, or control, including, without limitation, all merchandise, transfer designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising or other materials and the means for making or reproducing same, that violate the provisions of Paragraph A above, or any portion thereof;

D.      Directing Vans to file with the Court and serve on counsel for KEDS within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Vans has complied with the injunction;

E.      Directing Vans to account to KEDS for all gains, profits, and advantages derived from Vans' wrongful acts above described and remit such gains and profits to KEDS;

F.      Directing that Vans pay KEDS such damages as KEDS has sustained as a consequence of Vans' wrongful acts complained of herein;

G.      Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

H.      Awarding KEDS on its state law claims, compensatory damages in an amount to be determined at trial;

I.      Awarding KEDS punitive damages in such amount as may be determined at trial;

J.      Finding that this be an "exceptional case," because of the willful nature of these violations, and directing that Vans pay KEDS the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

K.      Granting KEDS such other and further relief as the Court may deem just and proper.

Dated: December 14, 2011                    Respectfully submitted,

                                             /s/ Steven M. Bauer
                                            Steven M. Bauer (BBO #542531)
                                            Kimberly A. Mottley (BBO #651190)
                                            PROSKAUER ROSE LLP
                                            One International Place
                                            Boston, MA  02110
                                            Tel:  (617) 526-9600
                                            Fax:  (617) 526-9899
                                            Email:  sbauer@proskauer.com
                                            Email:  kmottley@proskauer.com